**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1164

KARINA FLOR DE LISTZ QUINTANILLA ROMERO, a/k/a Karina Flor
de Listz Quintanilla,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  July 24, 2012          Decided:  July 31, 2012

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring,
Maryland for Petitioner.  Stuart F. Delery, Acting Assistant
Attorney General, Blair O'Connor, Assistant Director, Rachel
Browning, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karina Flor De Listz Quintanilla Romero, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order granting the Government's motion to pretermit her application for temporary protected status ("TPS") and ordering her removed. For the reasons set forth below, we deny the petition for review.

TPS is authorized by 8 U.S.C. § 1254a (2006), and "allows eligible nationals of a foreign state to temporarily remain in the United States during the pendency of that state's designation for the TPS program." Cervantes v. Holder, 597 F.3d 229, 231 (4th Cir. 2010). The Attorney General designated El Salvador for the TPS program on March 9, 2001, based on the devastating earthquakes that the country suffered in early 2001. 66 Fed. Reg. 14214 (Mar. 9, 2001). The initial registration period began on March 9, 2001, and ended on September 9, 2002. Id. at 14214–15.

Quintanilla filed her application for TPS on June 12, 2007, nearly five years after the initial registration period ended. The regulations implementing the TPS statute, however, carve out an exception to the initial registration period and provide that an applicant may qualify for "late initial

2

registration" if, at the time of the initial registration period:  (1) the applicant was in valid nonimmigrant status or had been granted voluntary departure or other relief from removal; (2) the applicant had a pending application for change of status, adjustment of status, asylum, voluntary departure, or other relief from removal, or such application was subject to further review or appeal; (3) the applicant was a parolee or had a pending request for reparole; or (4) the applicant was the spouse or child of an alien who was eligible to be a TPS registrant.    8  C.F.R.  §  1244.2(f)(2)  (2012).    Because Quintanilla failed to file her application during the initial registration period or demonstrate her eligibility for late initial registration under § 1244.2(f)(2), the immigration judge and the Board properly found her ineligible for TPS.

Quintanilla, however, argues that the registration requirements for TPS set forth in 8 C.F.R. § 1244.2 are overly restrictive and conflict with the governing statute. In reviewing Quintanilla's challenge to the regulation, we employ the two-step analysis prescribed by the Supreme Court in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).  See Suisa v. Holder, 609 F.3d 314, 318 (4th Cir. 2010). Under Chevron, the plain meaning of the statute controls if the provision in question is unambiguous.  Suisa, 609 F.3d at 318;

3

_Saintha v. Mukasey_, 516 F.3d 243, 251 (4th Cir. 2008). If, however, "the statute is silent or ambiguous with respect to the precise issue, then [the Court] must decide whether the agency's interpretation of the statute is reasonable, and thus, entitled to deference." _Suisa_, 609 F.3d at 318.

We have thoroughly considered Quintanilla's challenges to the regulation at issue and find them without merit. Because the intent of Congress to delegate authority to the Attorney General to establish a registration deadline was clear and unambiguous, _see_ 8 U.S.C. § 1254a(c)(1)(A)(iv) (2006), we defer to the Attorney General's creation of the initial registration period under the first step of _Chevron_. Applying _Chevron_'s second step, we conclude that the Attorney General's promulgation of 8 C.F.R. § 1244.2(f), which provides for late initial registration for certain TPS applicants, was based on a reasonable interpretation of § 1254a(c)(1)(A)(iv) and was not arbitrary, capricious, or manifestly contrary to law. _See Chevron_, 467 U.S. at 844 (providing that a regulation promulgated to fill a gap left, implicitly or explicitly, by Congress is "given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute"); _Suisa_, 609 F.3d at 319 (same).

4

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED